**In re Joseph Russell DOHERTY,
Debtor.**

No. 06–21326.

United States Bankruptcy Court,
D. Kansas.

Aug. 28, 2007.

Drew Frackowiak, Overland Park, KS, for debtor.

Eric C. Rajala, Overland Park, KS, Trustee.

David P. Eron, Wichita, KS, U.S. Trustee.

### ORDER DENYING UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT

ROBERT D. BERGER, Bankruptcy Judge.

The United States Trustee's Motion to Dismiss or Convert Pursuant to 11 U.S.C. § 707(b)[1] is currently pending before the Court. The UST seeks dismissal, alleging the totality of the circumstances demonstrates abuse under 11 U.S.C. § 707(b)(3). In this case, the UST fails to meet her burden to demonstrate the case is abusive based upon the Debtor's actual circumstances.

---

1. Doc. No. 13.

## Findings of Fact

The parties submitted stipulated facts. Debtor filed for Chapter 7 relief on August 30, 2006. Debtor's debts are primarily consumer debts. Debtor reports above-median income. On his Statement of Current Monthly Income and Means Test Calculation ("Form B22A"), Debtor reports negative monthly disposable income of $88.48. The UST does not challenge any deductions on Form B22A and does not find Debtor's filing presumptively abusive. According to Debtor's Schedule I and amended Schedule J, Debtor and his non-filing spouse have net monthly income of $505.65. Debtor does not anticipate any decrease in income or increase in expenses. Debtor has been employed by Burdiss Letter Shop for one year. Debtor filed his petition because he could not remain current on his monthly payments. Debtor reports $108,947.12 in secured debt, $3,304.68 in priority debt, and $46,358.23 in unsecured debt.

## Conclusions of Law

■■■ The UST seeks dismissal under § 707(b)(3)'s totality-of-the-circumstances test. Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider—
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services

contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

Under the old Act, § 707 provided a presumption in favor of granting relief to the debtor. This presumption has been removed, and BAPCPA also lowered the standard for finding cause to dismiss a debtor's Chapter 7 case from "substantial abuse" to "abuse." However, courts still apply pre-BAPCPA factors to analyze the totality of the circumstances. A non-exhaustive list of pre-BAPCPA factors adopted by the Tenth Circuit includes (1) whether the debtor enjoys a stable income; (2) whether the debtor is eligible for Chapter 13 relief; (3) whether the debtor suffered a sudden calamity precipitating the bankruptcy filing; (4) whether the debtor made prepetition purchases far in excess of his ability to repay; (5) whether the debtor's expenses are excessive; (6) whether the debtor's schedules are accurate; and (7) whether the debtor has demonstrated good faith.[2]

■■■ The debtor's ability to pay was another pre-BAPCPA factor and continues to be relevant under 11 U.S.C. § 707(b)(3).[3] However, ability to pay is just one of many factors. Post–BAPCPA, the addition of the presumption-of-abuse test will determine what debtors are able to pay in most cases. Even so, the presumption-of-abuse test is not the sole method to find abuse based on ability to pay.[4] Just because debtors pass the presumption-of-abuse test based on a statutory threshold formula does not mean their actual circumstances cannot demonstrate

**2.** *In re Stewart,* 175 F.3d 796, 809 (10th Cir. 1999).

**3.** *In re Schoen,* slip copy, 2007 WL 643295 (Bankr.D.Kan. Mar. 2, 2007) (The means test under § 707(b)(2) does not preclude consider-

ing a debtor's ability to pay under § 707(b)(3)(B)).

**4.** *In re Mestemaker,* 359 B.R. 849, 853–54 (Bankr.N.D.Ohio 2007).

abuse under the totality-of-the-circumstances test. To determine whether a case should be dismissed under the totality of the circumstances, the Court considers all the circumstances of a debtor's financial situation, including the debtor's actual ability to pay unsecured creditors in a Chapter 13 plan.[5] The movant bears the burden of proving the case is abusive.[6]

 In this case, the UST has failed to meet her burden. The UST notes Debtor's Schedules I and J demonstrate an ability to pay a substantial amount of unsecured debt. However, for above-median income debtors in a Chapter 13, § 1325(b), not Schedules I and J, determine what amount, if any, debtors must commit to unsecured creditors.[7] In Chapter 13, debtors' Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Form B22C") reports monthly disposable income to be committed to unsecured debt. The UST's mere assertion that Schedules I and J demonstrate an ability to pay more does not justify finding abuse under the statute. While the UST points to $505.35 in net monthly income on Schedule J, the UST does not explain how the income will be available and paid to unsecured creditors in a hypothetical Chapter 13.

Turning to the Debtor's other circumstances, the UST argues very few. The UST argues the Debtor has stable income because he has been employed one year. This fact, without further embellishment, is not probative. One year of employment is not *de facto* stable. Neither party explains what Debtor did for a living previously and whether this relatively short term of employment increased or decreased his income. The Court finds the UST does not prove abuse with this fact.

 The UST argues the Debtor did not file for relief because of a calamity or illness. However, the UST does not allege the Debtor made prepetition purchases far in excess of his ability to pay or that his expenses are excessive. In fact, the UST does not discuss the Debtor's spending habits or his actual financial circumstances at all. The UST relies solely on Schedule J and the Debtor's testimony that he does not expect any increase in expenses or decrease in income. This Court has previously noted that Schedules I and J are not necessarily an accurate predictor, even if they are the debtor's best estimate of income and expenses.[8] Reliance on Schedules I and J for a true projection of the debtor's future cash flow is illusory at best and must be accompanied by more facts to prove abuse. The UST's reliance on the absence of a calamity or illness does not prove the Debtor is not an honest but unfortunate debtor entitled to a fresh start.

Debtor reports negative $88.48 in monthly disposable income on Form B22A. The UST does not challenge this calculation. Accordingly, the UST must prove abuse apart from the means test based on the totality of the Debtor's actual circumstances.[9] The UST provides examples of possible circumstances in her brief, such as a debtor's increased income during or after the six-month period used to calculate CMI. However, the UST does not establish any facts relevant to this Debtor's particular circumstances. The UST's position un-

**5.** *Schoen,* 2007 WL 643295, at *3.

**6.** *Mestemaker,* 359 B.R. at 854.

**7.** *In re Puetz,* 370 B.R. 386, 388–89 (Bankr. D.Kan.2007).

**8.** *In re Moore,* 367 B.R. 721, 725–26 (Bankr. D.Kan.2007).

**9.** *Mestemaker,* 359 B.R. at 854.

der § 707(b)(3) is dependent on the accuracy of Schedule J without any explanation as to how the Debtor's filing is factually abusive. In reviewing the pleadings and schedules, the Court has not been directed to any particular fact which shocks its conscience in the context of the fresh start notions of Chapter 7. Accordingly, the UST has failed to demonstrate the Debtor's filing is abusive based on the totality of the circumstances.

### Conclusion

For the foregoing reasons, the United States Trustee's Motion to Dismiss based upon 11 U.S.C. § 707(b)(3) is DENIED.

IT IS SO ORDERED.