**In re Eric Wayne VOGELER, Debtor.**

**No. 07–20620.**

United States Bankruptcy Court, D. Kansas.

Aug. 28, 2008.

---

Jonathan C. Becker, Lawrence, KS, for Debtor.

David P. Eron, U.S. Trustee, Wichita, KS, for U.S. Trustee.

## MEMORANDUM ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS

ROBERT D. BERGER, Bankruptcy Judge.

The United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b) [1] is pending before the Court. The UST seeks dismissal, alleging the totality of the circumstances demonstrates abuse under 11 U.S.C. § 707(b)(3). In this case, the UST meets his burden to demonstrate the case is abusive based on the Debtor's circumstances.

### Findings of Fact

The parties agreed to submit the case with stipulated facts. Debtor filed for Chapter 7 relief on March 27, 2007. Debtor's debts are primarily consumer debts consisting of $11,000.00 in secured debt represented by Debtor's vehicle and $35,925.00 in unsecured debt. Debtor's assets on the petition date totaled approximately $2,785.00, all of which he claimed exempt. Debtor reported annualized current monthly income of $36,252.00. However, on the petition date Debtor's Schedule I reported Debtor was unemployed and made $0 income. Debtor's Statement of Financial Affairs reported Debtor made approximately $18,000.00 annually in 2005 and 2006. Debtor reported monthly expenses of $1,617.00.

On April 17, 2007, Debtor won $130,000.00 from the Kansas Lottery. On April 23, 2007, Debtor received net proceeds of $90,692.89, after taxes and any other deductions had been withheld by the relevant authorities. The parties acknowl-

---

1. Doc. No. 12.

edge the lottery proceeds are not property of the Estate.

On April 27, 2007, Debtor's § 341 meeting was held and concluded. The Chapter 7 Trustee and the UST told the Debtor not to spend the lottery proceeds. Debtor spent most of the lottery proceeds on new vehicles and various, non-emergency personal expenses. Debtor did not provide an itemization of his expenditures to the Court either through the stipulated facts or through argument.

From the facts presented, Debtor entered bankruptcy approximately $47,000.00 in debt. A month later, Debtor had $90,692.89 in his pocket. A year later, Debtor is still in bankruptcy and requesting a discharge of his pre-petition debt. Debtor has chosen not to provide the Court with any other facts relating to his post-petition financial condition and circumstances.

### Conclusions of Law

 The UST seeks dismissal under § 707(b)(3)'s totality-of-the-circumstances test. Section 707(b)(3) provides:

In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider -

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

Under the old Act, § 707 provided a presumption in favor of granting relief to the debtor.[2] This presumption has been removed. BAPCPA also lowered the standard for finding cause to dismiss a debtor's Chapter 7 case from "substantial abuse" to "abuse."[3] Despite these changes, courts still apply pre-BAPCPA factors to analyze the totality of the circumstances. The non-exhaustive list of pre-BAPCPA factors adopted by the Tenth Circuit includes (1) whether the debtor enjoys a stable income; (2) whether the debtor is eligible for Chapter 13 relief; (3) whether the debtor suffered a sudden calamity precipitating the bankruptcy filing; (4) whether the debtor made pre-petition purchases far in excess of his ability to repay; (5) whether the debtor's expenses are excessive; (6) whether the debtor's schedules are accurate; and (7) whether the debtor has demonstrated good faith.[4] The debtor's ability to pay was another pre-BAPCPA factor and continues to be relevant under 11 U.S.C. § 707(b)(3).[5]

 A debtor's actual, post-petition circumstances can demonstrate abuse un-

2. *In re King,* 308 B.R. 522, 528 (Bankr.D.Kan. 2004).

3. *Compare id.* (pre-BAPCPA case noting statutory presumption to grant relief to debtor and statutory "substantial abuse" standard) *and In re Doherty,* 374 B.R. 288, 290 (Bankr. D.Kan.2007) (noting presumption to grant relief removed by BAPCPA as well as lowering of "substantial abuse" standard to "abuse" standard).

4. *In re Stewart,* 175 F.3d 796, 809 (10th Cir. 1999).

5. *In re Schoen,* 2007 WL 643295 (Bankr. D.Kan. Mar.2, 2007) (the means test under § 707(b)(2) does not preclude considering a debtor's ability to pay under § 707(b)(3)(B)); *see also In re King,* 308 B.R. at 528 (debtor's ability to repay the debt was a primary factor to consider when determining whether dismissal was warranted under pre-BAPCPA § 707(b)).

der the totality-of-the-circumstances test.[6] While post-petition earnings or winnings are not property of the estate, courts "can and should take them into account for purposes of determining substantial abuse under § 707(b)."[7] To determine whether a case should be dismissed under the totality of the circumstances, the court considers both current and foreseeable circumstances of a debtor's financial situation, including the debtor's actual ability to pay unsecured creditors in a Chapter 13 plan.[8] The language "granting of relief" in § 707(b) is generally recognized to mean a Chapter 7 discharge.[9] Section 707(b) is not dependent on the petition date and what happens prior to filing; rather, whether to dismiss a case for abuse may depend on developments occurring after filing but before discharge is granted.[10] The movant bears the burden of proving the case is abusive.[11]

■ In this case, the UST has presented two compelling facts evidencing abuse. First, Debtor entered bankruptcy with approximately $47,000.00 in debt. Second, a month later, Debtor received more than $90,000.00. Debtor, without explanation, opted to spend his lottery winnings on new items rather than attempt to address the debt with which he entered bankruptcy. Debtor enjoyed his lottery winnings at a time when the automatic stay kept his then-existing creditors from executing on his good fortune. Debtor failed to satisfactorily explain the dissipation of the lottery proceeds. Debtor has been shown to have had significant ability to pay his pre-petition debts. Under the totality of the financial circumstances presented to the Court, granting a Chapter 7 discharge would be an abuse. The UST has shown this Debtor is *not* an unfortunate debtor entitled to a fresh start. This Debtor was fortunate and could have repaid his creditors. However, through his actions, Debtor chose his lottery winnings over a discharge and a fresh start. Accordingly, the UST has demonstrated the granting of relief to Debtor is abusive based on the totality of the circumstances.

## Conclusion

For the foregoing reasons, the United States Trustee's Motion to Dismiss based upon 11 U.S.C. § 707(b)(3) is GRANTED.

IT IS SO ORDERED.

**6.** *In re Hartwick,* 359 B.R. 16, 20–21 (Bankr. D.N.H.2007).

**7.** *In re Henebury,* 361 B.R. 595, 609 (Bankr. S.D.Fla.2007), quoting *United States Trustee v. Cortez (In re Cortez),* 457 F.3d 448, 457 (5th Cir.2006). This post-BAPCPA case notes that since *Cortez,* the threshold for dismissal has lowered from substantial abuse to abuse.

**8.** *Schoen,* 2007 WL 643295, at *3.

**9.** *Henebury,* 361 B.R. at 608, citing *Cortez,* 457 F.3d at 455.

**10.** *Id.*

**11.** *In re Mestemaker,* 359 B.R. 849, 854 (Bankr.N.D. Ohio 2007).